**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RYAN DEMING; BRIANA FRAISER; MICHAEL MCFARLAND; LUCAS GRISWOLD, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>CIOX HEALTH, LLC; ST. JAMES HEALTHCARE; SCL HEALTH - MONTANA, DBA St. Vincent Healthcare; BOZEMAN HEALTH DEACONESS HOSPITAL; KALISPELL REGIONAL HEALTHCARE SYSTEM, INC.; RCHP BILLINGS-MISSOULA, LLC, DBA Community Medical Center,<br><br>        Defendants-Appellees. | No. 20-35744<br><br>D.C. No. 9:20-cv-00016-DWM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted June 9, 2021
Seattle, Washington

Before:  W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

Invoking diversity jurisdiction under the Class Action Fairness Act, 28

U.S.C. § 1332(d), Plaintiffs brought this putative class action challenging, under

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Montana law, the charges that Defendant Ciox Health, LLC ("Ciox") imposed for delivering electronic medical records pursuant to its contracts with several Montana health-care providers, who were also named as Defendants. The district court dismissed the operative second amended complaint, without leave to amend, for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). Plaintiffs timely appealed, and we have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018), we affirm.

1. Plaintiffs' first cause of action alleges that the charges imposed by Ciox violated Montana Code Annotated § 50-16-816. We agree with the district court that § 50-16-816 does not apply to the challenged charges.

The relevant chapter of the Montana Code contains two separate parts that address the provision of health care information, namely, "Part 5" and "Part 8." Part 5 was enacted prior to Part 8 and, in its current form, it applies to health care providers that are *not* subject to the privacy provisions of the federal Health Insurance Portability and Accountability Act ("HIPAA"). *See* MONT. CODE ANN. § 50-16-505. Part 8, by contrast, applies "only to health care providers subject to" HIPAA's privacy protections. *See id.* § 50-16-802.

Part 5 authorizes, in four specific contexts, the imposition of "a reasonable fee" for the delivery of medical records, which fee may not exceed "the fee provided for in [§] 50-16-540": (1) where the provider is "required to disclose

2

health care information pursuant to compulsory process," MONT. CODE ANN. § 50-16-536(5); (2) where a patient has authorized the provider to provide a copy of the medical record to a third party, *id*. § 50-16-526; (3) where a patient has made a written request for the medical record, *id*. § 50-16-541; and (4) where a provider is required to provide copies of a corrected or amended medical record, "unless the provider's error necessitated the correction or amendment," *id*. § 50-16-545. The "fee provided for" in § 50-16-540 is as follows:

> A reasonable fee for providing health care information may not exceed 50 cents for each page for a paper copy or photocopy. A reasonable fee may include an administrative fee that may not exceed $15 for searching and handling recorded health care information.

*Id*. § 50-16-540.

Part 8 follows a parallel structure with respect to HIPAA-covered providers, but it authorizes imposition of "a reasonable fee, not to exceed the fee provided for in [§] 50-16-816," only in *one* of the four contexts mentioned in Part 5. Specifically, § 50-16-812(5) states that health care providers that are "required to disclose health care information pursuant to compulsory process may charge a reasonable fee, not to exceed the fee provided for in [§] 50-16-816." MONT. CODE ANN. § 50-16-812(5). The omission of the other three circumstances mentioned in Part 5 is perhaps not surprising, because the federal regulations applicable to HIPAA providers impose their own disclosure and fee rules with respect to certain

of those contexts. *See* 45 C.F.R. § 164.524. Part 8's "reasonable fee" limitation in § 50-16-816 is substantively identical to that contained in Part 5's § 50-16-540, except that it includes, at the very beginning, the specification that its limitation applies "[u]nless prohibited by federal law."[1]

Plaintiffs' first cause of action contends that Defendants violated the reasonable fee limitation in § 50-16-816 when they charged excessive fees for delivering Plaintiffs' medical records upon Plaintiffs' written request or for delivery to third parties (specifically, Plaintiffs' attorneys or the attorneys' agents or employees). Thus, even though Part 8—unlike Part 5—does *not* contain provisions specifically authorizing a "reasonable fee," not to exceed the specified limits, when such records are (1) requested by the patient or (2) authorized to be delivered to a third party, Plaintiffs contend that those specified limits on fees should be deemed to apply anyway.

This argument ignores the text, structure, and context of the relevant statutory provisions, and it would improperly rewrite Part 8 by reading into it the

---

[1] The full text of § 50-16-816 states:

> Unless prohibited by federal law, a reasonable fee for providing copies of health care information may not exceed 50 cents for each page for a paper copy or photocopy. A reasonable fee may include an administrative fee that may not exceed $15 for searching and handling recorded health care information.

MONT. CODE ANN. § 50-16-816.

directly analogous provisions of Part 5 that the Montana Legislature conspicuously omitted. *See Aye v. Fix*, 626 P.2d 1259, 1262 (Mont. 1981) (stating that a Montana statute "must be read in the context of the chapter in which it appears"). In contrast to Part 5, which does authorize a "reasonable fee" subject to the specified limits when a *non-HIPAA* provider delivers records in response to a patient request or an authorization to disclose to a third-party, Part 8 only does so with respect to delivery of medical records by a HIPAA provider *pursuant to compulsory process*. Indeed, if the Montana Legislature had wanted the "reasonable fee" provisions of Part 5 to continue to apply to HIPAA-regulated providers despite HIPAA's disclosure requirements, the Legislature simply could have left Part 5 in place (with any appropriate amendments in light of HIPAA) and would not have needed to enact Part 8.

Plaintiffs assert that, by adding the phrase "[u]nless prohibited by federal law" to the specified fee limitations in § 50-16-816, the Montana Legislature signaled its intention that that limit would apply to the fullest extent permitted by federal law. But that phrase is more naturally read as simply a conforming amendment acknowledging that, in copying Part 5's fee limitations from § 50-16-540 into Part 8's § 50-16-816, the Montana Legislature did not purport to override any applicable federal law. The phrase cannot reasonably be read as instead

undoing the careful distinctions that the Legislature made in crafting the directly analogous provisions of Part 5 and Part 8.

Accordingly, the district court correctly held that the limitations of § 50-16-816 only apply in the context of a subpoena for patient records as described in § 50-16-812(5). Because, under the facts as pleaded, the delivery of Plaintiffs' records did not involve compulsory process, the fee limitations in § 50-16-816 do not apply. The first cause of action was therefore properly dismissed.

2. The district court did not err in dismissing Plaintiffs' related claims that Defendants violated the Montana Consumer Protection Act ("MCPA"), MONT. CODE ANN. § 30-14-101 *et seq.*, and the implied covenant of good faith and fair dealing.

a. An "unfair act or practice" in violation of the MCPA "is one which offends established public policy and which is either immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Rohrer v. Knudson*, 203 P.3d 759, 764 (Mont. 2009). Given that the Montana Legislature specifically declined to apply the statutory "reasonable fee" limitations to Plaintiffs' circumstances, Plaintiffs have failed to establish any plausible basis for concluding that requiring HIPAA-regulated health care providers to charge "reasonable fees" for medical records is an "established public policy" in Montana

or that Defendants acted unfairly. Plaintiffs have failed to plead a violation of the MCPA.

b. Plaintiffs also allege that Ciox's charges violated Montana Code Annotated § 28-1-211, which provides that "the implied covenant of good faith and fair dealing [requires] honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade." MONT. CODE ANN. § 28-1-211. Under Montana law, every contract contains this implied covenant. *Puryer v. HSBC Bank USA*, 419 P.3d 105, 112 (Mont. 2018). We affirm the district court's dismissal of this claim because Plaintiffs cannot "circumvent [a] statute"—namely, the carefully drawn provisions of Part 8—"through a theory of implied contract and implied covenant of good faith and fair dealing." *Reiter v. Yellowstone Cnty*., 627 P.2d 845, 849 (Mont. 1981). Moreover, Plaintiffs do not allege sufficient facts to establish that there was a relevant contract between Plaintiffs and the providers or between Plaintiffs and Ciox.

Because Plaintiffs have failed to provide any plausible basis for curing these various deficiencies, the district court properly dismissed the operative complaint without leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401–02 (9th Cir. 1986).

**AFFIRMED.**